Middleton, J.
The controlling question submitted to this court is: Does the memorandum, which was- attached to the petition as exhibit A, make the 15-year statute of limitations applicable to the causes of action pleaded in the petition?
It is to be observed that the plaintiff in its petition pleads and relies upon ‘ ‘ an oral contract ’ ’ entered into on or about August 1, 1936, effective as of April 1, 1936, and which continued in force only until May 1, 1937. That the contract was oral is again recognized in the allegation, “the terms of this oral contract are evidenced by a memorandum in writing dated May 11, 1937,” quoted more fully above.
The action is not based upon the memorandum as a contract in writing or as a written promise to pay. An “oral contract” is certainly “a contract not in writing. ’ ’
Section 11222, General Code (Section 2305.07, Revised Code), provides:
“An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.”
Section 11221, General Code (Section 2305.06, Revised Code), provides:
“An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued.”
Section 11223, General Code (Section 2305.08, Revised Code), then provides:
*262 “If .payment has been made upon any demand founded on a contract, or a written acknowledgment thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time herein limited, after such payment, acknowledgment, or promise.”
Under no statute does a written memorandum which merely evidences an oral contract convert such oral contract into a contract in writing.
The memorandum may acknowledge the oral contract so as to establish its existence and thus extend the period of limitation for six years from the date of the memorandum. This would result from the application of Section 11223, General Code, but the contract would remain oral and subject to the six-year rather than the 15-year limitation.
This action was instituted eleven years, five months and 25 days after May 11, 1937.
If the action were one to enforce the memorandum as a written promise to pay money, an entirely different question would be presented—one which is not before us and as to which we express no opinion.
It appears that the Court of Appeals considered it significant that the memorandum was attached to the petition. In our judgment such attachment does not change the cause of action from one based on an oral contract. The possible effect which would have resulted if the memorandum had been incorporated in the petition and made part thereof is not before us, for it was not so incorporated, and the action is not based upon the memorandum as an enforceable promise to pay money.
In view of our conclusion as above indicated, it is unnecessary to discuss the four causes of action pleaded in the petition or to consider whether they are supported in whole or in part by the memorandum.
The contract as pleaded was not in writing and the *263 six-year limitation prescribed in Section 11222, General Code, is applicable to it.
Tbe judgment of tbe Court of Appeals is reversed and final judgment is rendered for tbe defendant.

Judgment reversed.

Weygandt, C. J., Hart, Zimmerman, Stewart and Lamneck, JJ., concur.